Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this Honorable Court. Please be seated. Good morning. We have four appeals that are scheduled for oral argument this morning. The first is the United States of America v. Stephen Regis, Jr. Joseph Debelder is here for the appellant, Regis. Jordane New is here for the appellee. The United States, Mr. Debelder, you may begin your argument. Thank you, Your Honors. Again, Joseph Debelder on behalf of Stephen Regis. Judges, I'm going to focus in the beginning of my argument on issues 2 and 3 of my briefing that specifically references counts 5, 6, and 17 in the charging document, the indictment. And the issue in both of those issues is the same. And that is, should the court interpret a statute based on its plain and ordinary meaning of the text? 2256-2A defines sexually explicit conduct. And the section that both parties agree is that issue here, subsection 5, which requires the lascivious exhibition of the anus, genitals, or pubic area. The key here is that it requires an exhibition of the anus, genitals, or pubic area, and that that exhibition is lascivious. And the problem with the government's argument is it's a myopic focus on lascivious to the exclusion. You don't contest the lasciviousness, do you? I do not contest the lasciviousness. Then that's why it's plain error, Judge, because you don't even have to get into the issue of, well, were these lascivious pictures and would a reasonable jury? The issue here is the exhibition that's required by this subsection was not in any of the images that were. Your argument is the plain meaning, textual meaning of exhibition is a public showing. That's right. And, Judge, I'll accept the government's definitions that were put in their briefing on page 25 of their briefing, which is to show or display, to submit or exposure, to view, to show, display, to present for the public to view. I guess the question I have is why does exhibition necessarily mean nude without cloth? I guess that's, you know, why can't you exhibit something even if it has some piece of cloth between the body part and the camera? Well, I guess for two reasons, Judge. One is that in order to show the anus, the pubic area or the genitals, there can't be cloth or those are not shown. It's as simple as that. And it's what the Williams and what Judge Scalia said in Williams in the Supreme Court when talking about sexually explicit conduct. And what he says is sexually explicit conduct connotes the actual depiction of the sex act rather than merely suggestion of it occurring. And that's the context in which this definition is offered. Right. We're in this. What is defining sexually explicit conduct? And so we're talking about the actual depiction. The same thing when we go down to subsection five when it's a lascivious exhibition. That's we're talking about the actual depiction of the anus, genitals or pubic area. And so that's the first of once you get to, is there an exhibition? Then it gets to, was it a lascivious exhibition? We know we don't have to get there. Yeah, I mean, I think, I mean, it seems it seems obvious if there were a picture of someone and, you know, you couldn't see their genital area or their backside, then there would be no exhibition. I guess what I'm trying to figure out is why, like where in the definition of exhibition do you get the idea that it can't be covered in clothes? So, so, for example, like if I if I were wearing gloves and I said, look at my hand, like just common, ordinary meaning, you could still look at my hand, even if it were a gloved hand. Right. I mean, I would submit to you, you couldn't actually look at your hand. And that's the whole point. If you went to a car show and there was an exhibition going on, but the car was covered, you would not be seeing the car. It was not being exhibited. And that's the issue here. And the problem is, is when you start going down that slippery slope of, well, what? Well, let's see if we can if we can minimize what exhibition really means. Then we start getting into the issues that the Supreme Court and Williams said don't exist with this statute because it's right. The issue was, is it over broad back in 2008? And the Supreme Court said, no, it's not because it has to. We're talking about an actual depiction of a sex act. It has to be blatant. And so, well, this doesn't have to show a sex act. I mean, so this is not right. I mean, you don't actually have to show a sex act. No, you have to show the anus, the genitals or the pubic area. And judge, I would think of it this way. If a 17 year old when we get into policy questions, if a 17 year old takes a picture of his 17, it's a 17 year old boy takes a picture of a 17 year old girlfriend, takes a picture of her bottom. It has. But she has jeans on. But he does it for a lascivious purpose. Are we talking about child pornography? Well, people would say no. Right. And then the issue becomes, well, now we've gotten down that slippery slope. And it's a simple answer. The answer is simple. He has not exhibited. Well, I guess it's not to me. It's not as simple because at some point it becomes a jury question. Right. And it seems like I've looked at these pictures. Usually I don't. But I looked at these pictures and it seems perfectly reasonable. If I were a member of the jury to say that those pictures meet this definition, even though there's a modicum of clothing. And I guess that's my question. So it looks like on the one hand, you're saying there's a slippery slope because you could have like a fully clothed person and it could still be lascivious. But isn't there a slippery slope the other way, which is, you know, you get to the point where it's literally just a child wearing her panties. And we're saying that that's not child pornography. Well, that's and that's the that's how that's how Congress defined it. You think so? You think that that you think the congressman were like, you know what, we want pictures of 12 year old girls displaying their anuses in a lascivious faction. But as long as they're wearing a G string, it's not child pornography. You think that's what the senators and the congressman thought? Well, again, are we the issue becomes how far does the Congress intend? And that's why we don't. So a G string, would you say that if a G string is that it per se as a matter of law, not child pornography? It depends on whether assuming that the G string covers the anus and the pubic area, then I would say it is not child pornography under this definition. Now, of course, it can be other crimes. Right. And that's the issue here. We're talking about a specific crime. And Mr. Regis was convicted of other crimes. So we're not I'm not here saying. And again, judge, I'm not here saying are these pictures things that you would want people to do? The issue is I guess violates this law. Yeah. And where. And so point to me like the definition of exhibit that you are going under and saying that it is plain error and that no jury could find that these this met the definition of exhibit. What what dictionary says that you can't exhibit a body part if there is clothing on the body part? Well, again, judge, I'll I'll. No, just sign me a dictionary. I'll use the the three definitions that the government put in their briefing on page twenty five, which they cite Black's Law Dictionary, the American Heritage Dictionary for an Oxford English Dictionary for what the definition of exhibition means to show or display, to offer or present for inspection, to submit or or exposure to view, to show display, to show externally display, to present for the public view. All of those definitions and they're from all of those definitions of exhibition require there actually be a showing. And so when the reason I ask for clarification about the G string is an example, for instance, if there was some showing of the of the of the pubic area in this G string or the anus, then I would agree that at that point it becomes a jury question. But there must be an exhibition to be a violation of this law. Well, there are different ways that we interpret a statute. One of the ways is we look to the dictionary definition of the term in dispute. Let me run this past you. The statute includes two different definitions of sexually explicit conduct. One uses the word graphic and the other doesn't. Since Section 2B, 2256 2B, imposes a nudity requirement through the term, quote, graphic. Why is it the fact that 2A does not include the word graphic imply that 2A does not require the exhibition to be fully nude? Because, Judge, I think the adding of the word graphic and I may be wrong, but my recollection of that, that other the other statute is referencing specifically simulated or non, not actual an actual victim and not an actual juvenile. And so I think that's the distinction there. And so what we're talking about is, again, my argument is that this is we're not here. I'm not asking the court to get into that policy. This distinction of how far do we go before we say that this is to this is an exhibition or what it's not. The plain language of exhibition means to show it. And then there can be a graphic showing of it, whereas this statute does not require it. So, for instance, the Holmes case that was cited by the by the government and I think also mentioned in our briefing, that case was a individual with a girl who did not know she was being photographed and imaged. She they found it met the qualifications. She was naked. She was nude. There was showing, but it was not any in anything I would say would be considered a graphic showing. And so that's where I think the distinction is. Well, so how is the objection made at the trial? It was not, of course. And so then the court. I'm sorry. It was not made. Is this more of a sufficiency of the evidence? It is a sufficiency of the evidence. And so if that's the case, you've got a pretty difficult standard of rebuke overcome. It's not, as you indicated earlier, a plain error. We look to see whether there's a manifest miscarriage of justice. Right. That's right. And when I say plain error, I adopt that. I will concede that that's the that's the review that the court has to make. But the issue then becomes if it's devoid of evidence of an essential element and an essential element in this case is exhibition. And so the issue is still the same on issue. And that's why I've wanted to focus on two and three for two and three. And it is devoid of that essential element of exhibition. And so therefore it is a manifest miscarriage of justice for these convictions. But just to be clear, I mean, your argument, like I said, I've looked at the pictures. Your argument is that just as a matter of law, it doesn't matter what the picture is. As long as there's some cloth between the lens and the body part, it cannot, as a matter of law, be exhibition. The body parts that are in the statute. That's right, Judge. I agree. You didn't try the case. I did not try the case, Judge. We had one of our panel members try the case on handling the appeal. You're trying to clean up his mistakes. It's a big mistake. I'm doing my job as an appellate attorney. You know, no comment on that. You don't need a comment on that. Your manifest miscarriage standard. Is it your position that any time the evidence is insufficient to prove an element, it's a manifest miscarriage and therefore no objections needed? No, my position is if it's devoid of any evidence of a required element. So if there's no evidence of that required element, as opposed to, and that's what the issue is here. It's conceded. There is no showing. Well, when, in the context of this case, or some case like it, would there ever be some evidence but not enough evidence to get a conviction? But that rules out manifest miscarriage. I guess if there was, and there's not in this case, if there was testimony that I, from the juvenile, I sent pictures of my naked vagina or my naked anus or something along those lines, then that potentially the court could say, well, there is evidence of that, even though the pictures don't show that on a different picture. And that's not in this case. The definition, what she says is naked are the pictures that are specifically before the court. The problem I'm having is I don't see how that's insufficient evidence, regardless of the objection. I mean, during credit, their testimony as opposed to the particular photos that survived or whatnot. But that's not what, my point is that's not what's before the court in this case. Before the court in this case are these pictures and whether they constitute lascivious exhibition. And my position is they do not. There's no exhibition. And therefore, it's devoid of any evidence of an essential element. All right. Thank you. Thank you, Mr. Belder. Ms. New. Good morning. May it please the court. Jordan New here on behalf of the United States. Judge Brasher, I think you got it exactly right here. The plain meaning of the term exhibition does not require nudity. The plain meaning of that term, as understood by every court who has looked at this question, has meant to show or display to present something for inspection. And critically, I think you can do that even if what you are showing or displayed is not fully revealed. And the distinction I think is significant is does whatever is concealing what is being displayed defeat the purpose of that presentation. Right? So Mr. Belder's example about a car on display where the car is entirely concealed and covered and you can't see it, that completely defeats the purpose of displaying the car. Your position is something can be exhibited, publicly displayed, that no one can see. But you can see it, right? If it's covered, you can't see it. Sure. So I guess display wouldn't mean full exposure. Right? The significance here. It doesn't say full exposure. Any exposure. Right? It requires your focus to be on a particular area of the body. And I think Judge Wilson's point is well taken. But it didn't. The statute, you keep getting away from the plain wording of the statute. The statute doesn't say focusing exclusively on these three parts. It says exhibited. Yes. And so the government's position is you can exhibit something. Right? It doesn't require you to fully see it. It's exhibited as long as the significance of the display is not defeated by whatever is covering it. And so in this case, and I think this is a jury question, too. I think that's an important part of this analysis. Not every type of covering, right, is going to defeat the significance of why the object is being offered. But the jury can look at an image and determine whether or not something is being shown in a particular way to draw interest into that part of the body. So anytime those three parts are used in a lascivious fashion or in a lascivious way, it meets the standards. If it's sufficiently lascivious. But I will say, I think it's hard to divorce. So why add exhibition? Why not just lascivious use of? I think it's hard to divorce these two ideas. Because sometimes if something is covered in a particular way, it's going to factor into the analysis of whether something is lascivious. That's fine. Just leave it factored into the analysis. But don't say exhibit. Don't say lascivious exhibition. Just say lascivious use. Because I think it has to be presented in a way for focus, right, of that part of the anatomy. And I think, again, I... So if it was lasciviously used, but that wasn't the focus, that wouldn't be lascivious? It wouldn't be an exhibition of that particular part of the body, right? The focus is it's being presented for somebody to view for a sexualized purpose. And I think here every court, I know this is an issue of first impression in this court, but every other court who has looked at these types of images and considered whether or not this type of conduct can constitute a lascivious exhibition, haven't found it to be a closed question. And the point is... Well, the Tenth Circuit sort of disagrees with you. They say that images of a girl wearing, quote, thong underwear revealing her entire buttocks and barely covering her genital area, that's child erotica and not child pornography. Well, I would disagree with that. I think it's being presented in a way that's intended to draw attention to that area of the body. That exists within the plain meaning of exhibition. And then when you pair that with whether or not it's lascivious, then the question is, you know, at the end of the day, the jury is the one who gets to make the call. So some young child goes out and there are four hours and they're all pointing towards the pubic area. That's an exhibition of the pubic area? I think it would depend on other contexts in those photographs, right? What's the focus? This is a multi... You keep saying focus. The word focus is not in the statute. So I think it's been sort of implied, right, in the plain meaning of the term exhibition. So now we're going to convict people based on implications as opposed to the explicit statements of a criminal statute. Well, I think you'd have a harder argument with that being displayed in the way. Although I will say I think the argument does exist because if you have arrows, it's certainly directing attention to that part of the body. Instead of the hypotheticals, I mean, just talk about the pictures in this case, right? I mean, there's one picture where there's a girl laying on her bed with her butt up in the air and she's just wearing a G-string. I mean, if you just apply the common, ordinary understanding of exhibit, would you say she's exhibited her anus in that circumstance? I think a jury could reasonably find that she had, right? The attention is drawn to that part of the body. That is the focal point of the image. There's not really... I've seen these pictures as well. There's really, in my recollection, and it's been a year, there's really not much else in them, right? The clear focus of the images is on those presentations, those part of the bodies, for an explicitly sexual purpose. The other thing, I think... When you say focus, are you really... What you're talking about is the sexually suggestiveness of the images ought to be the factor that we take into consideration? Yeah, I think that... Right, because I think it's very hard to divorce these two ideas of exhibition and lasciviousness. I think they travel together, and I think when you apply them in the universe of child pornography images and practice, we can think of hypotheticals with difficult fact patterns. The Supreme Court's been addressing that for a number of years, and I think the answer they've given is that's why we have the jury system, right? The end of the day is we're going to have close cases. The answer is not to narrow, necessarily, the scope of the statute. The government's going to have to take this to a jury, and it's going to have to convince the jury. 12 normal citizens who aren't lawyers that this is not just an exhibition, that something is being displayed to attract interest, but it's also lasciviousness. It's lascivious, and so it's explicitly sexual. Is there another federal statute that would address this conduct and make it a crime where the body parts are covered? Is there another federal statute? I think some courts may be that this would fall maybe under an attempt theory. Off the top of my head, I don't know of another statute. Our position is that it does fall within the scope of the statute. These are clearly sexualized images of these minors exhibiting, displaying, presenting areas of their body for the purpose of inciting sexual emotions and feelings. The other thing, Judge Wilson, I think your point to the definition of graphic is well taken. That definition requires it to be observable. And so if Congress thought that lascivious exhibition on its own required observable pubic area or genitals, then there would be no purpose in attaching the modifier graphic to a series that would include lascivious exhibitions. The other thing I would like to say, I think my friend on the other side has talked a little bit about Williams and sort of said Williams requires this really overt sexual imagery. But what Williams stands for is that it can't be the suggestion of sexual activity. It has to be actual sexual conduct occurring or it has to be a simulation so convincing that it's basically indistinguishable from actual sexual conduct. And I think applied here, that makes perfect sense. This is an actual exhibition as the presentation of a body area by these young girls, middle schoolers, to Mr. Regis. This was their currency, right? They were offering these salacious pictures in exchange for something of value that they wanted. And so I think here, this is clearly an actual exhibition of these areas. It's not the suggestion. They are presenting these areas. And the interest, the viewer's interest in the pubic area or the genitals is not at all defeated by the fact that they are wearing underwear or that they can't fully see the anus, right? There are areas of pornography that are in collections that are entirely dedicated to sexualizing women, young girls, and their underwear. It's clearly a sexual thing. And the fact that they're wearing underwear doesn't defeat the interest that a viewer is going to have in those depictions. The other thing is— Yeah, I mean, the way I understand the statute, exhibition means to show. So if the pictures were of the girls from the waist up, then you wouldn't be able to pursue them under the statute, right? Right, that's correct. I mean, the fact that the pictures are not of the girls from the waist up, the fact that the pictures are of the girls specifically focusing on their bottom parts is why you were able to pursue them under the statute. That's exactly it. And I think, you know, if it were, you know, the girls maybe in like a towel and they were facing away and were showing something, I think that's where Williams comes into play, right? There's the suggestion that they're exhibiting their bodies in a sexually suggestive way, but it's not actually depicted. So I think Williams entirely makes sense, that distinction. It requires more than just the idea that maybe something's being exhibited. So a girl, you know, if she's holding up her skirt or a dress facing away from the camera, there's certainly a suggestion of a lascivious exhibition of the pubic area or genitals. It's not viewable, though. So under Williams, that conduct, I think, is probably going to fall outside the scope of the statute. But that's not what we have here. We have full frontal focused images that were designed just to elicit a sexual response in the viewer. And I think, you know, a jury viewing these images, at the end of the day, if Mr. Reedus wanted to get up and make the argument that these weren't really being exhibited, I think, you know, that's something the jury could consider. But I think on the other side of it, it is a jury question. And I think here they clearly are sufficient evidence for them to find that these, the requisite. If exhibition, as you insist, means show, why didn't Congress say actual or simulated lascivious showing of the anus, genitals, and pubic area? I think, well, I think so. Actually, the answer to this, I think, is fervor, right? Because, well, they mapped the language that was used by New York in fervor. And so I guess the question would be, why? Has any statute ever been modeled this way? And I think exhibition, I think that there's not a significant distinction between those two words. I mean, exhibition is just— I'm sorry, you're talking a little bit fast for my struggling ears. It does or doesn't mean? I think it does mean to show or display, but it sort of also incorporates the intent to attract another viewer's interest in the images in a way. And so I think there's a substantial overlap between those two verbs. I think to show, if Congress had gone with show instead of exhibit, it would have been a substantially similar scope of conduct. But I don't know that the choice between words can necessarily—would take these outside the meaning of the statute. And I also think, again, if Congress meant observable, then the definition of graphic as applied to lascivious exhibitions becomes redundant. Yeah, I mean, in most of these cases, the question is whether it's a lascivious picture. I mean, the Eighth Circuit case, the D.C. Circuit case that are cited by the other side, the question is lasciviousness, right? Here, though, lasciviousness is basically a foregone conclusion because he specifically requested these pictures for a sexual purpose. So, I mean, the way I understand his argument is that even if he expressly requests the pictures for a sexual purpose, even if he concedes that they arouse a sexual interest, and even if they are of these body parts that are specified in the statute, as long as there is some modicum of clothing, that there could be no conviction at all. Has any circuit ever said anything like that? I suppose except for the Tenth Circuit suggestion that— Well, that was not cited by any party, and there was a reason it wasn't cited by any party. We don't need to go into it, but are you aware of any circuit that has ever said anything like that? Other than that, other than what Judge Wilson referenced, no. And I think that makes sense, right? I think an exhibition, it's best determined from the circumstances of the images, why they were created, what they look like, and if the visual interest in whatever is being shown isn't defeated by the clothing or— Knox talked about this, too, right, in the context of, you know, a sculpture. If you completely drape something over a sculpture, completely defeating the interest anybody would ever have in viewing that sculpture, well, that's not an exhibition. And I think that logic can apply here, but the answer is the fact that the minors are wearing underwear doesn't defeat the interest in these parts of the body, and I don't think any court has ever held that it would. So at the end of the day, I think the question is the jury gets to make the call, gets to review the evidence, and has to decide, are these being exhibited, and is it lascivious? Yeah. I mean, could there be a situation where the— I think you've sort of suggested this, where the body parts are so covered up that a judge would say, as a matter of law, this can't go to a jury, there's just no exhibition here? I suppose there could be, but I think—I still think, depending on the context and the circumstances, there could still be a substantial jury question there. I think it's just— So you're getting extreme here. Somebody has on blue jeans and a sweatshirt and dances lasciviously. You say that's exhibition, can be exhibition of these three parts of the body? I don't want to be extreme. I think it's going to depend on how the—is the camera focused in a particular way, and can a viewer—is it sexually enticing enough for a viewer, or could a jury reasonably conclude that that— See, it seems to me you're confusing lascivious, or you're conflating lascivious with exhibition when you say it depends on how the camera's focused. We know that that contributes to lasciviousness. We have decisions holding that. But to suggest it is controlling or even substantially meaningful on whether it's exhibited, or to use your synonym, shown, is I think a different position entirely. Can I follow? I see that my time has expired. Can I follow up? I think it's a hard question, right? I think is the purpose of the display, is it defeated by the clothing? And I think in a lot of circumstances it would be. But I think it's a factual question. I think the jury gets to make the call. And I understand there's hard cases, but that's why we have the jury system to weed those out. And in this case, I don't think it's a difficult case. I thought the really hard cases, which I understand you say this may be one, I thought the really hard cases were controlled by the canon of leniency in a criminal case. Yes, absolutely, Your Honor. But I don't think there's any ambiguity in this statute. And I don't think anybody who's—any court that's considered this— Well, then why is it a hard case? I don't think this is a hard case. I think— You got through saying it was a hard case. I'm sorry. I was referencing the case that you talked about with somebody dancing in jeans. That, I think, is a harder case. This, I don't think. I think that this is— This is a case with girls wearing G-strings showing their bottoms for the camera, right? Wearing their underwear, in some cases bejeweled underwear. They're clearly— And if only the statute prohibited showing your bottom or showing underwear, you'd have it made. But that's not what the statute says. Well, the government's position is that you can exhibit it even though it's not fully viewed. But I see my time has expired. And we would ask you to affirm the judgment and the sentence of the district court. Thank you. Thank you, Ms. New. Mr. Dibeldi, you've reserved some time for rebuttal. Yes, sir. Thank you. Judge, the government's argument about suggestion, I think, is appropriate because that is what these pictures are suggesting. These are pictures of suggestions of the anus. They're wearing thongs, right? They're wearing thongs. Absolutely. Absolutely. When I see someone wearing a thong, I don't think, what a suggestion. But that's what it is because it says they don't actually show the areas of the body that the statute requires to be considered sexually explicit content. And I'll go back to the Williams case. So there's an image in 25N where it's like see-through underwear, it appears to be. It's sort of like a mesh kind of underwear. You say that, as a matter of law, could never be exhibition? Judge, as I understand both parties' concessions, that these are covered. And so that's the issue here. And so my position is that anytime that they don't actually show those areas, it is not an exhibition. And I think that's the plain, ordinary understanding of the word exhibition. And I would go back to the Williams case because I do think it's very important, and especially the context of the decision where they're reversing the 11th Circuit where the 11th Circuit said the language was overbroad for another part of 2252A. And it talked about this definition. And when they were talking about in the context of simulation, Williams said simulated sexual intercourse is not sexual intercourse that is merely suggested, but rather sexual intercourse that is explicitly portrayed, even though through camera tricks or otherwise it may not have actually occurred. The portrayal must cause the reasonable viewer to believe the actor is engaged in the conduct on camera. And this is the—even under when they're talking about a simulated activity, it has to be explicitly portrayed. Again, it goes back to the definition of sexually explicit conduct connotes actual depiction of the sex act. In that context of that verb, sexually explicit conduct, we have the exhibition. And it's fair, I think, to assume based off this discussion here that Congress very well could have said, well, this is where we're going to draw the line of child pornography, because if we don't and it's not an exhibition, then we start getting down that slope to where Judge Carnes' questions about, well, is a lascivious dance of someone wearing jeans child pornography? And that's—but we don't have to get—my position is the court doesn't need to get to that because the language is clear. All right. Thank you. Thank you, counsel.